UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FERNANDO CASTELLANOS NAVARRO,

Plaintiff,

v.

ABDUL ORIA, et al.,

Defendants.

Case No. 4:26-cv-08975-KAW

**ORDER TO SHOW CAUSE TO PLAINTIFF RE IN FORMA PAUPERIS APPLICATION**

Re: Dkt. Nos. 1, 3

On August 26, 2026, Plaintiff Fernando Castellanos Navarro filed this lawsuit alleging that an unlawful detainer case in state court violated his constitutional rights and violated RICO, among other statutes and common law claims. (Compl., Dkt. No. 1.) Plaintiff concurrently filed an application to proceed in forma pauperis. (IFP Appl., Dkt. No. 3.) In Plaintiff's IFP application, he indicated that the claims raised had been presented in a previous lawsuit pending in Contra Costa County Superior Court, Case No. C26-02739. *Id.* at 4. The Court notes that the Superior Court complaint is attached to the federal complaint in the instant case and it appears to be identical. (*See* Dkt. No. 1 at 22-44[1].)

Federal courts are courts of limited jurisdiction. If Plaintiff is seeking the same relief for the same underlying conduct in the earlier-filed superior court case, the duplicative lawsuits risk reaching different results. *See Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) (citing *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 277, 281 (C.D. Cal. 1983) (district court abstained because "[e]xercising federal jurisdiction in this case would not only require duplication of time and effort on the part of the

[1] While the state court complaint is not marked as an exhibit, Plaintiff included the filed copy. (*See* Dkt. No. 1 at 22.) The state court complaint was filed on August 18, 2026. *Id.*

litigants and the Court, but would also create the possibility of inconsistent results"). Given that Plaintiff's two complaints appear to be identical, the federal action is considered a "repetitive" lawsuit, so "the fact that state court jurisdiction was invoked first weighs heavily towards justifying a stay or dismissal of the parallel federal action." *Ryder Truck Rental*, 554 F. Supp. at 280–81.[2]

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE by October 9, 2026 and explain why he filed the same complaint in both state and federal court, why this case should not be dismissed in favor of his earlier-filed, state court case or, alternatively, stayed pending the outcome of the state court case. Alternatively, Plaintiff may file a voluntary dismissal, so that he can pursue his case in state court.

Finally, in responding to this order to show cause, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 or emailing fedpro@sfbar.org. The Help Desk holds appointments both in-person and remotely (Zoom or telephone). While Help Desk attorneys cannot provide legal representation, they may advise Plaintiff on his litigation options.

IT IS SO ORDERED.

Dated: September 25, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

[2] Abstention is also appropriate to avoid "uneconomical or vexatious litigation". *Ryder Truck Rental,* 554 F. Supp. at 280 (citing *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 495 (1942)).